Mitchell v. Michael's Sports Lounge All right, would counsels, who are going to argue this matter, approach the podium. Please identify yourselves for the record and then the party you represent. Yes, Your Honors. Richard Dvorak, D-V-O-R-A-K, for the plaintiff in this matter, Thomas Mitchell, and the estate of Sandra Mitchell. Good morning, Judge. Good morning, Justices. Robert Burke. Robert Burke, on behalf of the defendant, Michael's Sports Lounge. Okay, thank you. On behalf of the appellee. Thank you. Fifteen minutes, please. Yes. All right, and then rebuttal time? Five minutes. Five minutes, okay. All right, thank you. Thank you. Good morning, Your Honors, counsel, and may it please the Court. So this case presents some basic issues of whether or not Demchuk is still good law, whether or not the condition precedent language is still good law, or whether or not normal rules of a statutory, I'm sorry, normal rules of limitations apply, including the discovery rule and the rule that says minors' claims do not accrue until they are 18. Let me ask you this. Why wouldn't the limitations period begin to run when Thomas Verndahl, his wife, was killed by a gun driver? Well, I would say because, Your Honor, the language indicates that you would have known that it was wrongfully caused, and we're not talking about a wrongful death case against Mr. Cantu. If we were talking about a wrongful death case against Mr. Cantu, I would agree. It would have immediately put him on notice that he can sue Mr. Cantu. Well, we do know this is – I'm sorry. We do know it's a vehicular accident, right, and his spouse passed away. What more would he need to know? Well, because – and for that matter, we also know that he was charged with DUI, so we also knew that he was intoxicated. What we didn't know is whether or not this person could have gotten intoxicated at home. You know, we have no idea about the level where he received his intoxication, whether it was from a bar, whether it was from a liquor establishment, whether it was from a friend's house. But it put him on notice to try and discover that information, correct? No, Your Honor, I don't think so, because you only have the duty to discover whether something is wrongfully caused as relates to that specific tort. I don't think that lay individuals are supposed to be investigators in investigating who served alcohol to the person who killed my wife. He found that out through the criminal process from the state's attorney's office. So I think that's asking too much of a widower to put him on notice that he has to do his own investigation about who may have served Mr. Cantu when that was the state's attorney's job. And the state's attorney's job, they did that, and they eventually, within a year of him filing, gave him notice. So he then had the information to file a claim against the bar. And why wasn't a lawsuit expressly filed on behalf of the two children? Well, we actually believe that it was, and that's the way it was treated in the courts. But you never actually got a ruling on the amended complaint, correct? Yes, but I'm basing it based on the original complaint, because if you look at the original complaint and the rulings, the judge specifically ruled, originally she ruled that the minority rule does apply. She agreed that dim chuck is no longer good law, but she only applied it to the wrongful death count, okay? She said dim chuck was not good law? Correct, yes. Originally, if you look at her rulings, her first ruling on a motion to dismiss was the appendix 4 to my brief, okay? Then the other bar filed another motion to dismiss, okay? And by the way, that original ruling, she indicated that dim chuck is no longer good law, condition precedent doesn't apply, and that the discovery rule is a factual issue, okay? Regarding the minors. That was before you answered the request to admit facts, right?  Yes. So she thought it was a question of fact. Yes. I guess what I'm getting to first is the legal issues, and then I can get into the factual issue. Maybe an explanation of her rulings would clarify that. So her first ruling said that the condition precedent language no longer applies. It also said the discovery rule, like any other tolling rule, applies in dram chuck cases. Okay. Then, but she said it's going to be a factual matter whether or not the plaintiff can prove or defeat the affirmative defense. With regard to minors, she indicated that, yes, like any other case, the tolling doesn't apply until they're 18, but she only applied it to the wrongful death. So when the second motion to dismiss came around, I pointed out Your Honor never ruled that it also applies to the dram chuck act. And now she ruled that citing dram chuck, she ruled that no, the one-year precedent does apply to minors, even though she had just earlier ruled in the first ruling that dram chuck is no longer good law. The third ruling was the summary judgment motion, and the only issue that was decided in the summary judgment motion was in the way that she framed it. Now, quote this here from her decision. She framed it as, and this is Appendix 13, when did Thomas Mitchell learn that his wife's death was caused by Robert Cantu's intoxication? By this time, she hadn't even addressed the minor issue, because she already basically said the minor's case doesn't exist. But it was in the complaint, because she obviously addressed it, the parties addressed it, everyone addressed it. We actually settled on behalf of the minors and went to probate court. The defense knew that. Nobody objected. No one said, what are you talking about? You're settling on behalf of minors. Of course, I didn't, it occurred to me that there was an argument that the minors were not part of this case until it was raised in the Apley's brief. But the way that the court framed it, when did Thomas Mitchell learn that his wife's death was caused by Robert Cantu's intoxication, is the wrong, respectfully, I think the wrong way to frame it. Because that would be the right way to frame it if this was a lawsuit against Robert Cantu. And that brings us back to the factual matter and the legal matter of, you know, in a grand matter case. Why was it the wrong way to frame it? It should be framed instead as when did he learn that the event was wrongfully caused as it relates to this specific tort? As it relates to the specific defendant, you're saying? Not necessarily the specific defendant, okay? Whether it was wrongfully caused in the context of a Gramsci Act, meaning, when did he learn that this person was served alcohol? Overserved at a Gramsci. Exactly. As opposed to a friend's house or him drinking alone at home or whatever the situation might be at a bar association gathering. Exactly. Hopefully not. So, yes, I think that's the proper way to frame the issue. And if it's properly framed that way, then Thomas's claim survived. But I will also say that the Miners case has not even accrued yet. And the plain language of the statute says, each action here under shall be barred unless commenced within one next year, one year next after the cause of action accrued. The cause of action hasn't even accrued regarding the Miners. And clearly they're part of this case because they were addressed by the court, by the parties, everyone. And also a Miner cannot bring their own claim. It has to be through the adult. So you think that's a novel issue here? I don't think it's particularly novel. No? No, I don't think it's particularly novel that... That a Gramsci Act is told by a minority? Oh, I don't think so because after Belleville overruled Demchuck and then now all normal tolling rules apply. So I don't think it's controversial at all because if this were any other tort, it'd be simple. Of course the Miners case does not violate the statute of limitations because it hasn't even accrued yet. Well, in common law, yes. But this is statutory. And don't you think the Illinois legislature could figure out that there will be parents that are going to be killed, parents of Miners that are going to be killed by drunk drivers over served at drum shops? Well, but that's the point, is that normal tolling rules apply under common law and civil procedure. Under common law, they wouldn't recover at all, right? I mean, the Drum Shop Act actually provides an avenue to recovery. Under common law, what was it, the able-bodied man was supposed to be able to hold his own where? But just because there is a tort that is of a statutory nature doesn't mean that tolling rules don't apply. And that's exactly what Lettweiler held. That's exactly what Bellville held. And when they reference accrual, they're referencing the common law principles that apply about tolling, minority, and discovery. Let me ask you this. So the cases that you cite with regards to the statute of limitations involving Miners are Med-Mal cases. So that means there are none in the area of Drum Shop? There were plenty that were cited by Demchok, and Demchok was exactly that, okay? But when Bellville overruled Demchok, it specifically cited cases. By the way, it didn't mention Demchok specifically, but it overruled the concept, and it also cited two Drum Shop Act cases when we're saying these cases are no longer good law, okay? So have I found any Drum Shop cases since Bellville? No, I have not. But I think the, obviously, maybe the novel part of this case is that whether or not we now go back to the normal common law rules that Miners cases don't accrue, even in Drum Shop cases because now the condition precedent language no longer applies. And finally, one other thing I wanted to say about the Miners is if for whatever reason, because I believe that the appellee is saying they were never part of the case, okay, if they were never part of the case, then they still would be free to file a lawsuit, assuming your honors would then agree that Demchok is no longer law and that normal tolling principles apply. So. Getting back to the statute of limitations. Yes. In Med-Mal statutes pertaining to Miners, the statute specifically calculates the timing with regards to bringing Med-Mal cases. Drum Shop doesn't. But, Your Honor, there is, and I say that at least one other case in my brief, there are many cases that are based on statutes. The Illinois Domestic Violence Act, for example, I've got one of those tomorrow, okay? There's many cases that are based on statutes, okay? And still, unless the statute specifically says something very specific about when approval applies and whether or not. Well, doesn't the Med-Mal statute specifically lay that out when it regards to Miners? It does, but that doesn't mean when statutes do not specifically lay that out that tolling rules don't apply. There are plenty, plenty of statutory-based torts that do not specifically talk about Miners and when it accrues. The only thing this says is that it's one year from when it accrues. Is there any other statutory-based cause of action that does address tolling for Miners? Like, did you examine any other statutes that would provide causes of action? No, because there are, I mean, there are dozens of them, and they don't actually talk about Miners one way or the other. I believe Med-Mal's an exception mainly because I think they also have a statute of repose that's specifically in there. It's a very complicated situation that the legislature wanted to have specific rules about, okay? But everything else is fair game. It's common law. It's accrual. It's normal principles. And I think that's what this Court should rule. I think this Court should rule that the condition precedent language is no longer good law, and, therefore, that the statute itself just talks about accrual, and that means that accrual in the normal sense. Does tolling apply with the discovery rule? Does minority toll? And if Your Honors come to that conclusion, I believe that the just result then will be the reversal of summary judgment in this case, and that's what I'm asking this Court to do. So getting back to the Med-Mal statute, I'm sorry I can't comment on this, but how do we go? You want us to go from Med-Mal statute to Dram Shop. What's the bridge? I'm not saying the Med-Mal statute. All I'm saying is that. Well, I mean, your authority that you're using in your brief is that, number one, you cite cases that are clearly Med-Mal cases, and then, number two, the arguments you've been making with regards to the applicability of the language in the Med-Mal statute is applicable also to minors in Dram Shops. If the cases I cited happen to be Med-Mal cases, that was not my intention to say it only applies to Med-Mal cases. I mean, certainly they apply all across the board to all cases. You know, police cases, tort cases, all cases have the same minority rule, okay? So I'm not saying that there's something special about Med-Mal cases. All cases apply the minority rule. Now, could the legislature specifically carve out some special rule for minors? They could, but they didn't in this case. They just said one year from accrual. And accrual should mean normal accrual rules. When you say the condition precedent language is no longer good law, what exactly is the condition precedent? Well, I think this goes back to Dimchuk, and they basically said that when you're talking about a statutory-based tort, okay, different rules apply, and when we say one year, we mean one year, and that's an element of the tort. But then when Bellevue came around, they said, no, that's pre-1964 thinking, because in 1964 the Illinois Constitution was amended, and when they amended the Constitution, they said except for administrative actions, this is not administrative action, that the condition precedent language does not apply, and it's not an element of the tort. So the case, if the defendant did not raise a statute of limitation affirmative defense, then the case could keep going? Yes, of course. As long as they did, normal tort rules would apply, yes. Any other questions? Any other questions? No.  Thank you, Your Honor. Thank you. Good morning, Justices. Good morning. May it please the Court, Counsel. The sole issue in this case is whether the plaintiff, Thomas Mischel, as the administrator of the estate of his wife, Sandra, timely filed his complaint within the one-year statute of limitation of the Dram Shop. Under any scenario that the plaintiff attempts to argue, he's failed to do that. He did not file it within a one-year statute. The Dram Shop Act was initially promulgated in 1934. After the country and the state started coming out of prohibition, the state legislature decided that they're going to enact a law that protects individuals from the ills of alcohol and consumption and put it on the tavern purveyors, the licensees, and the people who sell it, and they created this Dram Shop statute. The Dram Shop statute is not common law. It is statutory construction. In that statutory law, it has always had a statute of limitations, and for several years, and currently, it has a one-year statute of limitations period. Even for minors? Even for minors. And that's what Dump Check says, and that's what the legislature has said for years. It says that this contains a one-year statute period of limitations, which must be adhered to by all plaintiffs. Now, through the time that the statute has been enacted, up until the present time, it has often been called a condition precedent rather than a statute of limitations. In other words, it can't be told or extended like a statute of limitations can because it's a condition precedent that, by itself, it has to, under all circumstances, be filed within that one year. And that's to give the court jurisdiction over the matter. No, that's what the Bellevue case talked about, subject matter jurisdiction. This is in order to have a right of recovery. Right. It's an element. It's an element. Within the one year that you need to file within the one year to have a right of recovery, and the rationale for that was that they didn't want tram shop taverns and licensees to have open-end liability for years and years, not knowing what it would be down the line for what they sold on the 19-whatever year they sold it. So technically, you could still bring the cause of action. It's just your right to recovery. So you could not bring it. It was a right to filing. You could always file it, obviously, but the United Affirmative Defense of one year was not filed within one year. Right. Demcheck was a combination of three cases of which the minors filed after the one-year statute, and the Supreme Court said there was no tolling of the statute of limitations, the one-year statute, for the Illinois tram shop under Demcheck. You have to file within one year, and that's what Demcheck says. So getting back to my question, is you file, right? You still could file, right? And then seek leave to amend, right? If you file within one year? Yeah. Well, that would call into question a relation back statute, the 2616 question, which actually came up in Littweller because they filed, but you would have to file a tram shop claim within one year and then attempt to relate it back. We don't have that in this case because there was never a case that was filed within the one year. It was filed 29 months later after the date of the occurrence. So that's why it's not even applicable whether it relates back. There's nothing to relate back to. So Littweller is like they filed the tram shop case, okay, and then they tried to change a party. They didn't try to add a new cause of action to Littweller. They filed a tram shop case against an entity. They determined that it was the wrong entity. After the one-year statute, they filed a motion to amend under the 2616D statute. It related back. They said that was fine. To then name the correct entity. Then to name the correct entity. And the 2616D statute has been amended to allow it. As long as you file on time. As long as you file on time. Now the Fuller case, okay, which was decided in 2022 after Bellevue. Bellevue was a 2002 case. It was an older case. You're saying Belleville-Toyota? Belleville versus Toyota, yeah. Now the Fuller versus Benny's case was a case that was decided in 2022. In which the estate filed a timely tram shop complaint. Within the one-year statute of limitations. And that was very similar to this case. Which except for the filing within the time period. They filed a claim just on behalf of the estate. After the one-year statute, the administrator, who was Laura Fuller. Which just happened to be the wife of the decedent. Said, oh, you know, I want to file a loss of society claim under the tram shop act. On my own behalf. This was filed on behalf of the estate for the injuries, the death. She wanted to file a loss of society after the one-year statute. And it was a matter of relating it back. It was basically saying I want to join and file an amended claim. The court said you cannot do that. Because you didn't comply with the one-year condition preceded. That all plaintiffs have to file within one year. So in this case, there's nothing to relate back to. So that's a non-issue. In this case, the plaintiff didn't file anything within the first year after the cause of action accrued. Now, he wants to say the cause of action didn't accrue until he knew the identity of the tram shop defendants. That's nonsensical. It accrued on the date that she was killed. Now, the discovery rule, okay, in common law, there's no tram shop cases that apply the discovery rule. Now, Judge Durkin did apply it. And she gave him an extra week under the discovery rule. I don't think the discovery rule is applicable in tram shop. But, and I'll tell you why. Meaning that extra week was when he learned that the driver that hit his wife was drunk. That it was wrongfully caused. I like toxicology results or something. No, this is what she said in her opinions. And it's kind of an interesting scenario. The GOLA case says that the discovery rule is not applicable if it's a sudden traumatic incident and it's wrongfully caused. And then the case laws say that if an auto accident occurs, that's a sudden traumatic event. So you satisfy the sudden traumatic event. The second, you know, tier of that is that it was wrongfully caused. Right. The cases say that if it is an auto accident, there's a reasonable possibility that it was wrongfully caused. And therefore, it accrues that. What Judge Durkin said was like, well, we don't know when it was. Passed out at the wheel. That's exactly what she said. Unforeseen fainting or something. Heart attack. We don't know it was wrongfully caused. But that's not what the GOLA, the Supreme Court case says. It doesn't say it. It says a reasonable possibility that it was wrongfully caused. Not that it was really wrongfully caused. That's the only part that Judge Durkin was wrong about. She said that in order to comply with the discovery rule, you have to show that it was wrongfully or when you knew it was wrongfully caused. It's not a reasonable possibility that it was wrongfully caused. So there's no doubt that that evening, when his wife died at 3.30 in the morning, they arrested Robert Cantu. They charged him with reckless homicide. They charged him with DUI. That they knew that this was a wrongful tort, it was a wrongful cause, and that's when the action occurred. But they still don't know where he was drinking, though. Correct. But that's not, the case law says the identity of a defendant is not what the discovery rule tells. It tells whether or not there was a defendant, whether or not there was a grandchild involved. Versus, you know what I said to him earlier? Like, did he get drunk at home? Correct. Did he get drunk at his buddy's house? Did he get drunk at the bar association? You know. But that's not, the discovery rule doesn't extend endlessly until you can find out all the specific defendants and the specific facts. Right. It puts you on notice to inquire. It puts you on notice that it accrues when it's traumatic and when it's wrongfully caused. And it doesn't, it says now you need to go investigate. Now you need to go hire some people. And he did nothing for 27 months. He didn't, he did not investigate. He didn't go and determine whether, where he was drinking, which would be the normal course of action. And counsel had said, well, you don't expect a widower to do that. That's not, that's not, we don't, we don't expect an individual grieving widow to do that. But the attorney to do that. Or whoever is his counsel to do that. That's who files the lawsuit. Well, maybe they'll call the police and ask them. Yes. They've learned. Anyway. Let me ask you this. Sure. All right. So, let's say that the drunk driver decides that he wants to exercise his right to not self-incriminate. It happens all the time. Okay. So then, where does that put someone like Thomas? It puts him in a difficult position. But over the dramatic cases that we have handled over the years, they have attorney for the victim has contacted the criminal defense attorney and determines where this person was drinking without the tortfeasor making a culpable, you know, a statement against himself. In other words, they don't know about privilege. I mean, if the drunk driver tells his attorney, you know, I was at Michael's or whatever, you know, that's privilege. So he can share that privilege communication with another lawyer? Usually they, I don't know what the situation is, but usually you have to remember that this guy is going to get charged with DUI, okay? At some point, he's going to be convicted, and there's going to be a victim impact and some impact from the victim. The tradeoff is like, hey, tell me where you were drinking, and our victim impact statement won't be as severe. That's the reality of what happens in a dramatized case in the first year after an auto accident death. Is that like, hey, tell me where you were drinking. I'm going to do some investigation. We'll get the receipts. You know, it's not going to put, you know, it's going to help the criminal defendant on at the end because he doesn't have someone saying I want him to go to jail for 14 years. That's the reality of a dram shop. Also, you know, the case law, Demcheck, was not overruled. The statute, the one year statute, whether you call it a statute of limitations or a conditional procedure, it was not overruled by Bellevue. I mean, it was mentioned two times in Bellevue, and it was mentioned as basically a type of statutory action that contained a statute of limitations within it. Nowhere did it say that Demcheck was overruled. And counsel's attempt to say it's been overruled is a little bit, you know, far-fetched. So that's, I mean, that is still good law. Judge Jerkin ruled that it was still good law. I will point out that you had asked counsel about the tolling of the minority from, you know, Judge Jerkin ruled that that applied. She did not rule that. In her first opinion, she ruled that the tolling for minority would be applicable to the wrongful death count because that is a common law claim. And if you look on the specific page of the appendix, Plaintiff's Appendix 4, which is also the record on appeals, C-54, the last sentence on that says, Furthermore, recovery on behalf of the decedent's two minor children under the Wrongful Death Act is tolled until they reach the age of majority. That's under the Wrongful Death Act. In this case, the plaintiff filed a two-count complaint. Count 1 was for dramtrap. Count 2 was for wrongful death. It's very unarthritically pled. Even Count 1 doesn't even contain a wherefore clause. But Count 2 was dismissed with prejudice by Judge Jerkin because the wrongful death is not a viable cause of action in a liquor case because the law and everything says that the Dramtrap Act is the exclusive remedy. And that's not the subject of this. Well, it's not, but except for he's saying that the tolling of a minority in a common law case applies. But he wants to say that, oh, this is a wrongful death case. It still existed. The minors are the plaintiffs, therefore it should toll. But it's not in this case because that count was dismissed with prejudice. So Count 2, wrongful death, is out. Common law cause of action is out. Tolling of a minority is out. So that's the reason it's relevant because it's not part of the case. So if the Dramtrap Act jurisprudence is not based on common law or tort principles, then why are we applying the sudden traumatic event? Well, that's because Judge Jerkin said that the discovery rule would apply. I argue that it doesn't apply at all because the discovery rule basically applies, and I guess to a cause of action accrues when it's known that it's sudden, traumatic, and wrongfully caused. That doesn't invoke the discovery rule. If you don't know those things, you might be able to invoke it. But since in this case those things were known on the date of the occurrence, then the discovery rule isn't even applicable. It's not applicable in Dramtrap cases anyway. But if it was applicable in Dramtrap cases, and I'm not saying it is because I don't want this court to say that Judge Jerkin's reliance on the discovery rule was appropriate and the statute was one extra week and they blew that anyway, because then down the line everyone's going to say, well, oh, this court ruled that the discovery rule is applicable in Dramtrap cases, which it's not, because it's a condition, one-year condition preceded or one-year statute of limitations that must be adhered by all plaintiffs regardless of minority, regardless of discovery rule. How could it not be applicable if the second part of it is the term wrongfully caused? Because, like, you know, Justice Walker was saying, like, there could be some traumatic event, but they might not know that it was wrongfully caused until a week later. I don't actually see that scenario ever occurring in a Dramtrap cause of action. I mean, because you have basically two types of Dramtrap cases. Accidents can happen without anybody's, well, I don't want to say negligence because it's a strict liability. Yes, but if it's an auto accident, there's a reasonable possibility that it was wrongfully caused. All auto accidents, the discovery rule doesn't apply generally. Is there precedent for that? Yeah, that's what the Supreme Court rule says. It says that in Gola v. General Motors, 167, Illinois 2nd, 1995, a sudden traumatic event such as an automobile accident, the statute of limitation begins to run on the date of injury. And this is because an auto death puts a person on notice of the reasonable possibility that the injury was wrongfully caused. Now, the discovery rule cases are the ones in which, you know, a lot of it happens in mental because somebody did something to someone when they were 4 years old. They had no idea that they were wrongfully harmed until years later when they figure out that something medically happened to them. In an auto case, we don't have. There's very, there's no discovery rule cases on automobile accidents because it's an event that occurred. And you know, it doesn't mean that, like, whether somebody fell asleep or somebody blew a red light. It's not that, you know, that's where I thought Judge Durk was wrong. It's when you have an auto accident where there's a collision, there's a reasonable possibility that it was wrongfully caused. Therefore, the statute of runs on the discovery rule doesn't apply. So I have a question. Ford says to prevent the evil of prolonged liability of brand shop owners who rarely have actual knowledge of events upon which liability is based. How do you balance that with what happens to the children in this case? And I understand that, you know, the premise under Ford, but how do you balance that in terms of the cause of action that the minor children are not being permitted to pursue? Well, they're not being allowed to pursue because they didn't comply with the one-year statute. To endlessly extend the statute of limitations where the legislature, you know, has not voted on that, they've amended the Dram Shop Act a number of times and never have they included the extension of tolling of minor statutes. The Dulcheck case was decided in 1982 by the Supreme Court. The Dram Shop Act has been amended at least three or four times since then. They've never attempted to allow the tolling of or allowing the minority of minors. So obviously it's hard, I mean, to have minors that are not going to be able to recover. I mean, that's the reality of this. But, you know, I don't even know the age of those minors because they're not named in the complaint. I don't know whether they're 17 or 9 or 4 or, you know, the statute could have ran. They could have been 17 and 9 months and it could have given them an extra three months. They still could have blown the statute of limitations. We don't know because it's not even in the case because there are not parties in the case. And I know the plaintiff's attorney in his brief had mentioned numerous times that the amended complaint was filed and that the minors were the parties. And I filed a motion to strike that part of the facts because I thought that was manipulation and misrepresentation for what the facts were not in this case. Yes, judges, it's difficult to tell the minors that they don't have a cause of action because the statute of limitations expired. But that's no different than, you know, any other statute of limitations. It's fatal, I mean, in the sense of detrimental. Somewhere along the line, did the legislature decide that running the business with the certainty of knowing that these claims are resolved, that outweighs the minor's potential affidavit of recovery? That's entirely what the legislature has done with the statute of limitations is to say that if we're going to put the ills of the liquor trade onto the people who sell liquor, we're going to have a defined time limit for when they are exposed to these claims. And they put it as one year. Well, it's currently one year. It's been one year for 40 or 50 years. And they've never changed it, never expanded it, and it's always been the case. And it's always been the case for people who are under a criminal conviction that, you know, people try to file their claim within the one year. And, you know, if they don't find the identity of the Dram Shop Tavern, then they don't find it. But that's not something that the Dram Shop Tavern industry and the restaurant industry and the insurance industry, you know, sought to underwrite for, you know, up to 18 years' exposure, you know, for selling liquor. That's, you know. I'm going to change the facts in this case a little bit. Okay. So let's say drunk driver and victim both perish, all right? So do we still have the same outcome here? Because now we don't know where this person was drinking, right? We know they were intoxicated, but. . . Well, there's plenty of. . . I mean, that would be incumbent upon the victim's family attorney to do some investigation, cell phone records, you know, ping where the person was. With technology nowadays, you'd be surprised. You know, I had a case recently where they didn't know where this person was, and they got a cell phone, and they were like, oh, he's at the VFW hall for the last seven hours. You know, and he no longer was around. Your scenario. And they were able to say, like, hey, we have him, you know, his phone pinged 75 times at the VFW, watch, from this time to this time. Yeah, they pretty much know where everybody is all the time. I mean, they watch it, and they're like. . . Each other is definitely watching, right? Yeah. I mean, the whole thing is they don't want to open up Andy's statute of limitations. It is tragic that, you know, that this woman died, no doubt. But, you know, this scenario of, like, the plaintiff, Thomas Mitchell, sitting around from May of 2019 until, like, 17, 19 months later and doing nothing to determine whether he has a cause of action or not on behalf of himself and his family, that falls on him. I mean, it's unfortunate, but, you know, he could have hired an investigator. He could have determined, you know, the location. Our place is not very far from where this accident occurred. There was witnesses, eyewitness testimony as to where this person was. They could have, you know, instead of asking the defendant himself, he could have asked the people he was with. So there was a whole avenue of investigation. None of that was done. So, I mean, I'm not – and I understand that this plaintiff's attorney did not have this lawsuit within the first year. And so I'm not throwing him under the bus, but from my understanding, he didn't have this lawsuit. And so, like, it wasn't his failure to investigate. But the plaintiff, Thomas Mitchell, you know, if he was going to file a claim, you know, hire an attorney, investigate the claim, figure out, you know, where this person was drinking, if anywhere. Any other questions? Any other questions? No, that's it. Thank you, Judge. Appreciate it. Okay. Rebuttal? Still five minutes? Yes. More than I thought I would want to get into. Number one, statutory language, okay? It does not say that within one year next after the date of the occurrence. It could have said that. It doesn't say the date of the incident. It could have said that. It says next after the cause of action accrued. That is so key, they use the term accrued because that means the legislature intended it for accrual principles to apply. Well, that word could have a lot of different meanings, though, right? I think it has the common law meaning of accrual. Accrual means all of the normal accrual rules apply. Number two, blame Thomas. Blame the dad. Okay, let's go there for a second. Maybe he should have hired a lawyer within a year. Maybe he should have done this. Maybe he should have done that. I urge this Court to read Galvin, and there's plenty of other cases. It's the first page of my reply brief, okay? It talks about the Court's special duties to minors, okay? And it talks about even if a father or a mother or an adult messes up, okay, we don't hold the minor responsible. It's not the minor's fault that they didn't hire a lawyer. It's not the minor's job to investigate. That's why we have special duties to protect minors. So even if this Court says dad didn't do his due diligence, discovery rule doesn't apply, absolutely this Court should say we need to protect minors, and therefore the accrual did not begin. And if truly they were never part of this case, then they could be, you know, they could file a brand-new lawsuit. Now, I want to read to you what, on Appendix 4, what the judge ruled in the first motion to dismiss. Accordingly, the Dramshop Act's limitation period is not a condition precedent to liability or a special jurisdictional statute of limitations, citing Whitwiler. Like any other cause of action, a claim brought under the Dramshop Act accrues and the statute of limitations begins to run when a person knows or reasonably should know of his injury and also knows or reasonably should know it was wrongfully caused. Thus, the Court did say a condition precedent no longer exists. And Litwiler, okay, if it's really true that Litwiler says there must be something filed within a year, okay, in order for all of these rules to apply, well, then why would they have even applied the relation back principles? That's a recognition that normal tolling rules apply. In Litwiler, same thing, okay? They didn't say you can't bring the – you can't do relations back. It said that based on the facts of that particular case, those adult family members, they were not minors as far as we can tell in the opinion, would have known about the incident and therefore were not going to allow them to have any relations back. But it's a recognition in both cases that normal tolling rules apply. So, and I do want to stress that I'm not arguing that we need to know the identity of the party, just, again, that it was wrongfully caused, meaning there was over-serving, okay? And in Gala, I will also say that it's very different than in a case like Gala, where the plaintiff is an actual witness to what occurs or everything they can see, okay? They're on notice of everything, and they can then investigate it. Here, that is not the case. It's actually, in fact, sometimes a difficult endeavor to try to find this. And counsel has more experience in these cases than I do, and it sounds like it is a difficult experience, which is exactly why we don't hold minors responsible for that difficult endeavor. I would urge this Court to at least regarding the minors to say that the special limitations has not even begun to run. Thank you. Thank you. Okay, we want to thank counsels for a well-argued matter and a very interesting case with some interesting issues. This Court will take it under advisement, and we are adjourned. Thank you.